Eric D. Houser, SBN 130079
Jeffrey S. Allison, SBN 173620
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Phone: (949) 679-1111
Fax: (949) 679-1112

Attorneys for Defendants OCWEN LOAN SERVICING, LLC, erroneously named herein as OCWEN LOAN SERVICING, LLC dba CSC-LAWYERS INCORPORATING SERVICE; and ONE WEST BANK, FSB

## UNITED STATES DISTRICT COURT

## CENTRAL DISTICT OF CALIFORNIA

| | |
|---|---|
| JAIME ESPINOZA | CASE NO: 2:14-cv-02888-DSF (JCGx) |
| Plaintiff, | |
| vs. | HON. DALE S. FISCHER |
| OCWEN LOAN SERVICING, LLC DBA CSC-LAWYERS INCORPORATING SERVICE; ONEWEST BANK, FSB; TRUSTEE CORPS, AS TRUSTEE FOR INDYMAC BK FSB; INDYMAC BK FSB; DOES 1 TO 100, | **NOTICE OF MOTION AND MOTION BY OCWEN TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE** |
| | **[F.R.C.P. 12(b)(6)]** |
| Defendants | Date: July 7, 2014 |
| | Time: 1:30 p.m. |
| | Ctrm: 840 |

## TO THE CLERK OF THE COURT AND PLAINTIFF'S COUNSEL:

**PLEASE TAKE NOTICE** that on July 7, 2014, at 1:30 p.m., or as soon thereafter as may be heard, in Courtroom 840 of the above United States Courthouse located at 255 East Temple Street, Los Angeles, California 90012,

---

1

Defendant OCWEN LOAN SERVICING, LLC ("Ocwen"), erroneously named herein as OCWEN LOAN SERVICING, LLC DBA CSC-LAWYERS INCORPORATING SERVICE ("Ocwen") referred to collectively with ONE WEST BANK, FSB ("Onewest") as "Defendants," will and hereby does move this Court to dismiss with prejudice the Complaint filed by Plaintiff JAIME ESPINOZA ("Plaintiff"), but not effectively served with summons. (See Notice of Removal ¶¶ 1, 3).

The Motion to Dismiss is made pursuant to Rules 12(b)(6) of the <u>Federal Rules of Civil Procedure</u> in that Plaintiff's Complaint fails to state a claim upon which relief may be granted and/or is barred as a matter of law against these Defendants.  Movant conferred with Plaintiff pursuant to Local Rule 7.3.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, Onewest's Motion to Dismiss filed concurrently herewith, the Court's file and all papers and documents on file herein, facts and documents of which judicial notice has been requested or is proper, as well as any oral argument that may be presented at the time of the hearing.

DATED:  May 13, 2014
                    HOUSER & ALLISON
                    A Professional Corporation

                    <u>/s/ Jeffrey S. Allison</u>
                    Jeffrey S. Allison, Esq.
                    Attorneys for Defendants OCWEN LOAN SERVICING, LLC and ONE WEST BANK, FSB

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................. 1

II.   THE TILA CLAIMS ARE BARRED AS A MATTER OF LAW .................. 2

III.  PLAINTIFF'S WRONGFUL FORECLOSURE CLAIMS FAIL FOR
NUMEROUS REASONS ..................................................................... 5

    A. Plaintiff's Second Claim under Section 2923.5 Fails ................................ 6

    B. Plaintiff's Third Claim under Section 2923.52 Cannot be Stated ............... 9

    C. Plaintiff's Fourth Claim under Section 2923.6 Cannot be Stated ............... 9

    D. The Seventh Claim for Wrongful Foreclosure Likewise Fails .................. 11

IV.  PLAINTIFF'S REMAINING CLAIMS ALSO FAIL ..................................... 15

    A. The Tenth Claim for Breach of Implied Covenant is Not Stated .............. 15

    B. The Fifth and Thirteenth Tort Claims Cannot be Stated .......................... 16

    C. The Sixth, Eighth and Ninth Statutory Claims Are Not Stated ................. 19

        1.  There is No Right of Action or Claim Under the Housing Act ........... 19

        2.  No Claim Can be Stated under the RDCPA or FDCPA ...................... 20

        3.  The Unfair Competition Claim Cannot Stand ................................... 21

    D. The Remaining Equitable Claims Also Fail ........................................... 22

        1.  The Eleventh Claim for Cancellation Fails ...................................... 22

        2.  The Twelfth Claim to Quiet Title Fails ............................................ 22

        3.  The Fourteenth Claim for an Accounting is Not Stated ...................... 23

        4.  The Fifteenth and Sixteenth Claims Cannot be Stated ....................... 24

        5.  The Seventeenth Claim for Unjust Enrichment Also Fails .................. 24

V.   CONCLUSION ................................................................................. 25

# TABLE OF AUTHORITIES

**Cases**

Aceves v. U.S. Bank, N.A. (2011) 192 Cal.App.4th 218, 232 .................................. 15

Aguilar v. Bocci (1974) 39 Cal.App.3d 475, 477 ................................................. 23

Aguinaldo v. Ocwen Loan Servicing, LLC, 2012 WL 3835080 (N.D. Cal., Sept. 4, 2012) .................................................................................................. 17

Aleem v. Bank of America et al., 2010 WL 532330, at * 3-4 (C.D.Cal. Feb. 9, 2010) .................................................................................................. 11

Altmann v. PNC Mortg., 2012 U.S. Dist. LEXIS 6460, at *27-28 (E.D.Cal. Jan. 19, 2012) .................................................................................... 17, 18

Argueta v. J.P. Morgan Chase, 2011 U.S. Dist. LEXIS 70756, at *14-16, 2011 WL 2619060, *5 (E.D.Cal. June 30, 2011) ................................................ 18

Armeni v. America's Wholesale Lender, 2012 WL 253967 (C.D.Cal. Jan. 25, 2012) .................................................................................................. 14

Armstrong v. Chevy Chase Bank, FSB, 2012 WL 4747165 * 4 ............................ 17

Baker v. Northlan Mortg. Co., 344 F.Supp. 1385, 1386 (D.C.Ill. 1972) ................ 11

Balderos v. City of Chevrolet, 214 F.3d 849 (7th Cir. 2000) .................................. 3

Barber v. Fairbanks Capital Corp., 266 B.R. 309, 321 (Bk. E.D.Cal. 2001) ............ 3

Bascos v. FHLMC, 2011 WL 315706 at *6 (C.D. Cal. July 22, 2011) .................. 13

Benham v. Aurora Loan Services, 2009 WL 2880232, *2 (N.D.Cal., 2009) ......... 20

Bennet v. Suncloud (1997) 56 Cal.App.4th 91 ...................................................... 21

BFP v. Resolution Trust Corporation, 511 U.S. 531, 539-40, 544, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) ................................................................. 11

Blackford v. Westchester Fire Ins. Co., 101 F. 90 (8th Cir. 1900) ........................ 13

Blanco v. American Home Mortg. Servicing, Inc., 2009 WL 4674904, *4 (E.D.Cal., 2009) ................................................................................... 20

Bridge v. Aames Cap. Corp., 2010 WL 3834059 at * 3, 5 (N.D.Ohio Sept. 29, 2010) .................................................................................................. 13

1  <u>Briscoe v. Guar. Mortg. Co.</u> (1922) 57 Cal.App. 492, 494 .....................................22

2  <u>Bulaoro v. Oro Real, Inc.</u>, 2011 WL 6372458, at *9 (N.D.Cal. Dec. 20, 2011).....10

3  <u>Byczek v. Boelter Cos., Inc.</u>, 230 F.Supp.2d 843, 845 (N.D.Ill. 2002) ..................13

4  <u>California Trust Co. v. Smead Inv. Co.</u> (1935) 6 Cal.App.2d 432, 44 P.2d 624 ....12

5  <u>Careau v. Security Pacific</u> (1990) 222 Cal.App.3d 1371, 1399 .............................17

6  <u>Carma Developers, Inc. v. Marathon Dev. Cal., Inc.</u> (1992) 2 Cal.4th 342,

7      374-75 .......................................................................................................15

8  <u>Chazen v. Centennial Bank</u> (1998) 61 Cal.App.4th 532, 536 ..................................17

9  <u>City of Rohnert Park v. Harris</u>, 601 F.2d 1040, 1046-47 (9th Cir. 1979) ...............19

10 <u>Cleveland v. Aurora Loan Servs., LLC</u>,  2011 WL 2020565 at *4 (N.D. Cal. May

11     24, 2011) ...................................................................................................11

12 <u>Coburn v. Bank of New York Mellon, NA</u> 2011 WL 3500997 * 2 (E.D. Cal., Aug.

13     9, 2011) ........................................................................................................7

14 <u>Coppes v. Wachovia Mortg. Corp.</u>, 2011 WL 1402878, *7, 2011 U.S. Dist. LEXIS

15     42061, at *17-18 (E.D.Cal. Apr. 13, 2011) .............................................18

16 <u>Das v. Bank of America, N.A.</u> (2010) 186 Cal. App. 4th 727, 740-41 ....................17

17 <u>Debrunner v. Deutsche Bank Nat'l Trust Co.</u> (2012) 138 Cal.Rptr.3d 830, 835....13

18 <u>Deerinck v. Heritage Plaza Mortg. Inc.</u>, 2012 WL 1085520 at *5 (E.D. Cal. March

19     30, 2012) ...................................................................................................14

20 <u>DeLeon v. Wells Fargo Bank N.A.</u>, 2011 WL 311376, 2010 U.S. Dist. LEXIS

21     112941, at *9-12 (N.D.Cal. Jan.28, 2011)...............................................18

22 <u>Delgadillo v. Countrywide Home Loans, Inc.</u>, 2009 WL 5064943, at * 1-2

23     (C.D.Cal. Dec. 23, 2009) ..........................................................................11

24 <u>Dinosaur Development, Inc. v. White</u> (1989) 216 Cal.App.3d 1310, 1315) ..........25

25 <u>Dizon v. Cal. Empire Bancorp, Inc.</u>, 2009 WL 3770695, at *5 (C.D.Cal. Nov. 9,

26     2009) .........................................................................................................10

27 <u>Dooms v. Federal Home Loan Mortg. Corp</u>, 2011 WL 1232989 * 16-17 (E.D. Cal.,

28     Mar. 31, 2011) ......................................................................................7, 18

<u>Escobedo v. Countrywide Home Loans, Inc.</u>, 2009 WL 4981618 at *2 (S.D.Cal. Dec. 15, 2009).......................................................................................10, 17

<u>Fantroy v. Countrywide Home Loans, Inc.</u>, 2007 WL 2254941, No. 3:06-CV-1889-K, at *2 (N.D.Tex. July 24, 2007)..............................................19

<u>Farner v. Countrywide Home Loans</u>, 2009 WL 189025, at *2 (S.D.Cal. Jan. 26, 2009) ......................................................................................................6

<u>First Nationwide Savings v. Perry</u> (1992) 11 Cal. App. 4th 1657 ...........................24

<u>Foley v. Interactive Data Corp.</u> (1988) 47 Cal.3d 654, 696....................................16

<u>Fouche' v. Shapiro & Massey L.L.P.</u>, 575 F.Supp.2d 776, 780 n. 7 (S.D.Miss. 2008) ...................................................................................................20

<u>Fuentes v. Duetsche Bank</u>, 2009 WL 1971610 (S.D. Cal. Jul. 8, 2009).................6

<u>Fullmer v. JPMorgan Chase Bank, NA</u>, 2010 WL 2511178, *7 (E.D.Cal.2010)...17

<u>Gaitan v. Mortgage Electronic Registration Systems et al.</u>, 2009 WL 3244729 at * 9-10 (C.D.Cal. Oct. 5, 2009) ..............................................20, 21, 22, 23, 24, 25

<u>Gallegos v. Recontrust Co.</u>, 2009 WL 215406 * 3(S.D.Cal. August 4, 2009) .......20

<u>Gomes v. Countrywide Home Loans, Inc.</u> (2011) 192 Cal.App.4th 1149, 1155....14

<u>Gomez v. Wells Fargo Home Mortg.</u>, 2011 WL 5834949, at *12 (N.D.Cal. Nov. 21, 2011) ....................................................................................................11

<u>Goode v. St. Stephens United Methodist Church</u>, 494 S.E.2d 827, 833 (S.Ct.App. 1997) ....................................................................................................13

<u>Goss v. Fairfield Housing Authority</u>, No. 3:03CV0935(WIG), 2006 WL 1272623, at *3 (D.Conn. Mar. 14, 2006)..........................................................................19

<u>Graham v. Recontrust Company, N.A., et al.</u>, 2012 WL 1035712 (D.Or. March 27, 2012) ....................................................................................................14

<u>Grove v. Mead Sch. Dist. No. 354</u>, 753 F.2d 1528, 1531 (9th Cir. 1985) ..............13

<u>Gutierrez v. PNC Mortg.</u>, 2012 WL 1033063, at *10 (S.D.Cal. Mar. 26, 2012)....10

<u>Hafiz v. Greenpoint Mortg. Funding, Inc.</u>, 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009) ....................................................................................................13

1    Hague v. Wells Fargo Bank, NA, 2011 WL 3360026, at * 3 (N.D.Cal. Aug. 2,

2     2011) ................................................................................................ 13

3    Hall v. Time, Inc. (2008) 158 Cal.App.4th 847, 855 ............................... 21

4    Hanlon v. Western Loan & Bldg. Co. (1941) 46 Cal. App. 2d 580, 600-601 ........ 12

5    Hoffman v. Bank of America, N.A., 2010 WL 2635773 at *4 (N.D.Cal., June 30,

6     2010) ................................................................................................ 10

7    Hohn v. Riverside Co. Flood Control & Water Conserv. Dist. (1964) 228

8     Cal.App.2d 605, 39 Cal.Rptr. 647 ....................................................... 12

9    Hubbard v. Fidelity Federal Bank, 824 F.Supp. 909 (C.D.Cal. 1993) .................... 4

10   Huerta v. Ocwen Loan Servicing, LLC, 2010 WL 728223, at *4 (N.D.Cal. Mar. 1,

11    2010) ................................................................................................ 17

12   Hunter v. Up-Right, Inc. (1993) 6 Cal.4th 1174 ................................... 16

13   In re Atighi, 317 B.R. 792 (Bktcy.C.D.Cal. 2004), affirmed 243 Fed.Appx. 283,

14    2007 WL 2088946 ............................................................................ 12

15   Ingels v. Westwood One Broad-Casting Services, Inc. (2005) 129 Cal.App.4th

16    1050, 1060 ........................................................................................ 21

17   Johnston v. Ally Fin., Inc., 2011 U.S. Dist. LEXIS 83298, at *10-11 (S.D.Cal. July

18    29, 2011) .......................................................................................... 18

19   Juarez v. Federal Home Loan Mortg. Corp., 2010 WL 3035956 *4 (C.D.Cal.

20    2010) ................................................................................................ 22

21   Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS 47902 (C.D.Cal. May 4,

22    2011) ................................................................................................ 18

23   Karlsen v. American Sav. & Loan Assn. (1971) 15 Cal.App.3d 112, 118 ............. 23

24   Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th 612, 619 ................... 21

25   Kim v. Regents of the University of California (2000) 80 Cal.App.4th 160, 164 ... 15

26   Kim v. Sumitomo Bank of California (1993) 17 Cal.App.4th 974, 979 ................. 17

27   King v. Cal. 784 F.2d 910, 913-14 (9th Cir. 1986) .................................................. 4

28   Knapp v. Doherty (2004) 123 Cal.App.4th 76, 86, fn. 4, 20 Cal.Rtpr.3d 1 ....... 12, 14

<u>Lane v. Vitek Real Estate Indus. Grp.</u>, 713 F.Supp.2d 1092, 1099 (E.D.Cal.
2010) ...................................................................................13

<u>Lauriedale Associates, Ltd. V. Wilson</u> (1992) 7 Cal.App.4[th] 1439, 1448) .............25

<u>Lechtrodryer v. SeoulBank</u> (2000) 77 Cal. App. 4th 723, 726 ................................24

<u>Lindsay v. America's Wholesale Lender</u>, 2012 WL 83475 at *3-4 (C.D. Cal. Jan.
10, 2012) ...............................................................................13

<u>Lingad v. Indymac Federal Bank</u> 682 F. Supp. 2d1142, 1149 (E.D.Cal. 2010) .....17

<u>Liu v. T & H Mack, Inc.</u>, 191 F.3d 790, 797 (7th Cir. 1999)...................................13

<u>Livonia Prop. Holdings LLC v. 12840-12976 Farmington Road Holdings LLC</u>,
717 F.Supp.2d 724, 735 (E.D.Mich. 2010) ...........................................13

<u>Lu v. Hawaiian Gardens Casino, Inc.</u> (2010) 50 Cal.4th 592, 596 .......................14

<u>Lucia v. Wells Fargo Bank, N.A.</u>, 798 F.Supp.2d 1059, 1066 (N.D.Cal. 2011) ....11

<u>Mabry v. Super. Ct. of Orange County</u> (2010) 185 Cal.App.4th 208 ..........6, 10, 17

<u>Maguca v. Aurora Loan Services</u>, 2009 WL 3467750 at *2 (C.D.Cal., Oct. 28,
2009) .......................................................................................7

<u>Mangini v. Aerojet-General Corp.</u> (1991) 230 Cal.App.3d 1125, 1155-56............21

<u>Marks v. Bank of America</u>, 2010 WL 2572988, at *3 (D.Ariz. June 22, 2010).....10

<u>Marks v. Ocwen Loan Servicing</u>, No. 07-2133, 2009 WL 975792, at *7 (N.D.Cal.
Apr. 10, 2009)............................................................................17

<u>McAnaney v. Astoria Financial Corp Scott v. Wells Fargo Home Mortg.</u>, 357
F.Supp.2d 578, 592-593 (E.D.N.Y. 2005)...........................................21

<u>Melchior v. New Line Productions, Inc</u>. (2003) 106 Cal.App.4[th] 779, 793............24

<u>Miguel v. Country Funding</u>, 309 F.3d 1161, 1164 (9th Cir. 2002)...........................4

<u>Miller v. Cote</u> (1982) 127 Cal.App.3d 888, 894) .................................................8

<u>Mitchell v. Chase Home Finance LLC.</u> No. 3:06-CV-2099-k, 2008 WL 623395, at
* 3 (N.D.Tex. Mar. 4, 2008) ...........................................................19

<u>Mitsui Manufacturers Bank v. Superior Court</u> (1989) 212 Cal.App.3d 726, 729...16

<u>Nool v. HomEq Servicing</u>, 653 F.Supp.2d 1047, 1052-3 (E.D. Cal. 2009)............10

<u>Nymark v. Heart Fed. Savings & Loan Assn.</u> (1991) 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 ..................................................................................................17

<u>Pantoja v. Countrywide Home Loans, Inc</u>, 650 F.Supp.2d 1177 (N.D. Cal. 2009) ..............................................................................................................6, 14

<u>Perez v. American Home Mortg. Servicing, Inc.</u>, 2012 WL 1413300 at *2 (N.D.Cal. Apr. 23, 2012), 2 ...................................................................................10

<u>Pittman v. Barclays Capital Real Estate, Inc.</u>, 2009 WL 1108889, at *3 (S.D.Cal. Apr. 24, 2009) ..........................................................................................6, 20

<u>Powers v. Sims and Levin</u>, 542 F.2d 1216 (4th Cir. 1976) .......................................4

<u>Quinteros v. Aurora Loan Services</u>, 2010 WL 3817541, *9 (E.D.Cal., 2010) .......10

<u>Racine & Laramie, Ltd., Inc. v. Dept. of Parks and Recreation</u> (1992) 11 Cal.App.4th 1026, 1032 & 1043-45 ....................................................................15

<u>Ramadan v. Chase Manhattan Corp.</u>, 229 F.3d 194 (3rd Cir. 2000).........................3

<u>Residential Capital, LLC v. Cal-Western Reconveyance Corp</u>, (2003) 108 Cal.App.4th 807, 134, Cal.Rptr.2d 162, 176-77 .................................................11

<u>Reynoso v. Chase Home Finance</u>, 2009 WL 5069140, at *4–5 (N.D.Cal. Dec.17, 2009) .........................................................................................................................11

<u>Ricon v. Recontrust Co.</u>, 2009 WL 2407396 *3-4 (S.D.Cal., 2009) ......................20

<u>Robinson Helicopter Co., Inc. v. Dana Corp.</u> (2004) 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352, 102 P.3d 268 ...............................................................................16

<u>Rodriguez v. JP Morgan Chase Bank & Co.</u>, 809 F.Supp.2d 1291 (S.D.Cal. 2011) ......................................................................................................................8, 11

<u>Rosal v. First Federal Bank of California</u>, No. 09-1276, 2009 WL 2136777 (N.D.Cal. July 15, 2009)..........................................................................................20

<u>Rowland v. Novus Financial Corp.</u>, 949 F.Supp. 1447, 1454 (D.Haw. 1996) .........4

<u>Sami v. Wells Fargo Bank</u>, 2012 WL967051 at *6 (N.D. Cal. March 21, 2012)...14

<u>Saratoga Sav. & Loan Ass'n v. Fed. Home Loan Bank of San Francisco</u>, 724 F.Supp. 683, 690 (N.D.Cal. 1989) ........................................................................19

Scott v. Wells Fargo Home Mortg., 326 F.Supp.2d 709, 718 (2003) .....................20

Shaterian v. Wells Fargo Bank, Nat. Ass'n , 2011 WL 2314151 * 5 (N.D. Cal., June 10, 2011).............................................................................................................7

Smith v. Highland Bank, 915 F.Supp. 281 (N.D.Ala. 1996) ...............................3

St. James Church of Christ Holiness v. Superior Court (1955) 135 Cal. App. 2d 352, 359........................................................................................................................23

Storek & Storek, Inc. v. Citicorp Real Estate, Inc. (2002) 100 Cal.App.4th 44 ......15

Sullivan v. JP Morgan Chase Bank, NA, 725 F.Supp.2d 1087, 1094 (E.D.Cal.2010)..............................................................................................................18

Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th Cir. 1998) ................................3

Teselle v. McLoughlin (2009) 173 Cal.App.4th 156, 179 .......................................23

Tilley v. Ampro Mortg., 2012 WL 33033 at *4 (E.D. Cal. Jan. 6, 2012) ..............13

Treadway v. W. Cotton Oil & Ginning Co., 10 P.2d 371, 375 (1932) ..................13

Twain Harte Homeowners Ass 'n v. Patterson (1987) 193 Cal.App.3d 184, 188 ..23

Vasquez v. Residental Invs., Inc. (2004) 118 Cal.App.4th 269, 278 ......................16

Velazquez v. Home American Credit, Inc., 254 F.Supp.2d 1043, 1045-47 (N.D.Ill. 2003) ........................................................................................................................4

Villa v. Wells Fargo Bank, N.A., 2010 WL 935680 * 3 (S.D.Cal. March 15, 2010) ......................................................................................................................11

Walker v. Washington Mut. Bank FA, 63 Fed.Appx. 316, 317 (9th Cir. 2003)........4

Waller v. Truck Ins. Exchange, Inc.(1995) 11 Cal.4th 1, 35...................................15

Williams v. Geithner et al., 2009 WL 3757380 * 2-3 (D.Minn. Nov. 9, 2009)......11

Williams v. Koenig (1934) 219 Cal. 656,660; Crummer v. Whitehead (1964) 230 Cal.App 2d 264, 267-268................................................................................12

**Statutes**

12 C.F.R. § 226.23(d) ............................................................................................4

12 U.S.C. § 1701x(c)(5) ........................................................................................19

15 U.S.C. § 1601...................................................................................................2

15 U.S.C. § 1635(b) .................................................................................. 4

15 U.S.C. § 1635(f) ................................................................................... 4

15 U.S.C. § 1640 ...................................................................................... 2

15 U.S.C. § 1640(e) ............................................................................. 4, 5

15 U.S.C. § 1640(f) ................................................................................... 4

15 U.S.C. § 1641(a) .................................................................................. 2

15 U.S.C. § 1641(e) .................................................................................. 2

15 U.S.C. § 1641(f) ................................................................................... 3

15 U.S.C. § 1692 .................................................................................... 20

15 U.S.C. § 1692a(6) ............................................................................. 20

Bus. & Prof. Code § 17200 .................................................................... 21

C.F.R. § 226 ............................................................................................. 2

Civil Code § 1788 .................................................................................. 20

Civil Code § 1788.1(b) .......................................................................... 20

Civil Code § 1788.2(c) .......................................................................... 20

Civil Code § 2923.5 ............................................................................ 5, 6

Civil Code § 2923.52 .......................................................................... 5, 9

Civil Code § 2923.6 ............................................................................ 5, 9

Civil Code § 2924 .................................................................................... 9

Civil Code § 2924(a)(1) ........................................................................ 13

Civil Code § 3212 .................................................................................. 22

Code of Civil Procedure § 761.020 ...................................................... 22

Code of Civil Procedure § 761.020(b) .................................................. 23

Code of Civil Procedure §§ 760.020(a)-(c) .......................................... 22

National Housing Act § 1701x(c)(5) ..................................................... 19

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action is Plaintiff's attempt to rescind his loan undisputedly in default since June 1, 2011 or to coerce another loan modification under the U.S. Treasury Department's implemented Home Affordable Modification Program ("HAMP"). The first ten pages of Plaintiff's Complaint include general editorial about disclosures and loan origination under the Federal Truth-in-Lending Act ("TILA"), modifications under HAMP, and foreclosure.  (Cplt. ¶¶ 18-40).  None of the referenced exhibits were attached to the Complaint filed on March 14, 2014 and received by these Defendants.

Plaintiff's primary claim is to rescind the loan under TILA based on allegations of improper disclosures during origination in June 2007.  Several of Plaintiff's other claims are based in whole or in part upon these TILA allegations. These claims are time-barred as a matter of law under the absolute one and three year provisions of TILA.  As to Plaintiff's claims alleging an improper refusal to modify his loan and a resulting wrongful foreclosure, there is no contractual or legal requirement to further review or modify Plaintiff's defaulted loan.  Plaintiff lacks standing to challenge the loan assignment, servicing agreement, HAMP modification process, or the identified authority of the foreclosing parties. Plaintiff's wrongful foreclosure and California statutory claims based thereon fail.

The Motion should be granted and the Complaint dismissed with prejudice.

## II.    THE TILA CLAIMS ARE BARRED AS A MATTER OF LAW

Plaintiff's Complaint alleges in the first paragraph, "This is an action pursuant to the Truth in Lending Act ("TILA"), et seq.,…based, in part, on Defendants failure to provide accurate material disclosures for the subject loan transaction…."  (Cplt. ¶ 1).  The Complaint alleges "**Fact[s] With Respect to Loan Origination and TILA**" under Section **III** entitled "**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION.**"  (Cplt. ¶¶ 18-29, **emphasis** in original).  Plaintiff's first claim asserts a violation of TILA found in 15 U.S.C. §§ 1601 et seq. and Regulation Z of the Code of Regulations promulgated thereunder, C.F.R. §§ 226 et seq.  (Cplt. ¶¶ 60-79).  Ocwen is not listed as a named Defendant in the claim heading.  The Complaint repeats the alleged violation of TILA under the ninth, tenth, fourteenth, and seventeenth causes of action.  (Cplt. ¶¶ 130-131, 138-142, 165, 178, 181, 185).  TILA serves as a primary basis for Plaintiff's Complaint.

TILA governs the disclosures to be given by a lender to a borrower during the consummation of a mortgage loan, and the subsequent right of a borrower to rescind the loan.  See, 15 U.S.C. § 1601, et seq.  A rescission under TILA may be exercised as against the original lender or in limited circumstances an assignee of the loan if an inaccurate or insufficient disclosure is apparent on the face of the note, deed of trust, and disclosure statement given at loan consummation.  See, 15 U.S.C. §§ 1640, 1641 (a), (e).  Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th

Cir. 1998); <u>Ramadan v. Chase Manhattan Corp.</u>, 229 F.3d 194 (3rd Cir. 2000); <u>Balderos v. City of Chevrolet</u>, 214 F.3d 849 (7th Cir. 2000); <u>Smith v. Highland Bank</u>, 915 F.Supp. 281 (N.D.Ala. 1996); <u>Barber v. Fairbanks Capital Corp.</u>, 266 B.R. 309, 321 (Bk. E.D.Cal. 2001).  These are the only parties who may be liable under TILA.  Loan servicers are exempt under TILA.  <u>See</u>, 15 U.S.C. § 1641(f).

Plaintiff's TILA Complaint fails for three reasons.  First, neither Ocwen nor Onewest originated, gave disclosures, or consummated the loan despite Plaintiff's misplaced allegation.  Defendant INDYMAC BANK, FSB did.  (RJN Exhs. 1-4).  These Defendants were subsequent assignees and servicers of the loan.  (RJN Exhs. 5, 8).  The Complaint does not sufficiently allege that improper loan disclosures were readily apparent to these assignee Defendants on the face of the Note, Deed of Trust, or TILA disclosure statement.[1]  (Cplt. ¶¶ 21, 65-75).  The TILA disclosure statement does not on its face appear inconsistent with the Fixed/Adjustable Rate Note with Interest Only Period executed by Plaintiff and his co-borrower.  (Cplt. ¶¶ 29, 68; RJN Exhs. 2-4).

---

[1]  The statutory phrase, "apparent on the face of the disclosure statement" is strictly applied.  It does not include misrepresentations, special knowledge, or other documents in connection with the issuance of the loan; there is no additional duty of inquiry by assignees.  <u>See</u>, <u>e.g.</u>, <u>Taylor v. Quality Hyundai, Inc.</u>, 150 F.3d 689 (7th Cir. 1998); <u>Ramadan v. Chase Manhattan Corp.</u>, 229 F.3d 194 (3rd Cir. 2000); <u>Balderos v. City of Chevrolet</u>, 214 F.3d 849 (7th Cir. 2000); <u>Smith v. Highland Bank</u>, 915 F.Supp. 281 (N.D.Ala. 1996) (assignee not liable because alleged finance charge was not apparent on the face of the TILA disclosure or HUD-1 settlement statement).

Second, a rescission under TILA must be accompanied with a return by the borrower of the net outstanding loan funds.  See , 12 C.F.R. 226.23(d) and 15 U.S.C. 1635(b);Velazquez v. Home American Credit, Inc., 254 F.Supp.2d 1043, 1045-47 (N.D.Ill. 2003); Powers v. Sims and Levin, 542 F.2d 1216 (4th Cir. 1976).  While Plaintiff makes a cursory allegation that he could arrange for a tender, there is no allegation that the net loan funds were tendered and returned as required to effect a timely rescission.  (Cplt. ¶ 21).

Third and most important, a right to rescind a loan and/or a claim to recover damages under TILA commences from the time of the alleged disclosure violation, i.e. when the loan was consummated.  15 U.S.C. §§ 1635(f), 1640(e); King v. Cal. 784 F.2d 910, 913-14 (9th Cir. 1986).  Any right or claim for damages under TILA is barred one year after consummation.  15 U.S.C. § 1640(e); Hubbard v. Fidelity Federal Bank, 824 F.Supp. 909 (C.D.Cal. 1993).  Any right or claim to rescind a loan under TILA is barred three years after consummation.  15 U.S.C. § 1640(f).  These time periods are absolute, there is no tolling when asserted as an affirmative claim.  Once these TILA periods are expired, the Court lacks subject matter jurisdiction.  See, Walker v. Washington Mut. Bank FA, 63 Fed.Appx. 316, 317 (9th Cir. 2003) (slip opinion); Rowland v. Novus Financial Corp., 949 F.Supp. 1447, 1454 (D.Haw. 1996); Miguel v. Country Funding, 309 F.3d 1161, 1164 (9th Cir. 2002) (the limitations periods under TILA, such as three years for rescission actions under Section 1635(f), are absolute and bar any claims thereafter).

Loan disclosures were provided and executed by Plaintiff and the co-borrower prior to and on June 4, 2007.  (Cplt. ¶ 65; RJN Exhs. 1-2).  Plaintiff's loan transaction was consummated on June 4, 2007 with the executed Fixed/Adjustable Rate Note Interest Only Period and Deed of Trust.  (Cplt. ¶¶ 18-20; RJN Exhs. 3-4).  The Complaint does not allege that Plaintiff exercised any right to rescind the loan within the three day period after under TILA.  Any alleged right to damages under TILA for omitted or inaccurate disclosures expired one year later on June 4, 2008.  Any alleged right to rescind the loan under TILA expired three years later on June 4, 2010.  The Complaint was not filed herein until years later on March 14, 2014.   Plaintiff's allegation that "the one year statute of limitations for material disclosure violations enumerated in 15 U.S.C. § 1640(e) should be equitably tolled" is unavailable and an erroneous conclusion of law.  (Cplt. ¶ 78).  Plaintiff's Complaint is barred under TILA and must be dismissed.

## III.   PLAINTIFF'S WRONGFUL FORECLOSURE CLAIMS FAIL FOR NUMEROUS REASONS

The Complaint also asserts claims for wrongful foreclosure under California statutes based on TILA, failure to offer to again modify his defaulted loan, and for a resulting lack of standing by Defendants.  (Cplt. ¶ 1).  These include the second through fourth claims for violations of California Civil Code §§ 2923.5, 2923.52, & 2923.6, and seventh claim for wrongful pre-foreclosure practices.  (Cplt. ¶¶ 26, 27).  Incidentally, Plaintiff alleges elsewhere that his loan

modification application was denied.  (Cplt. ¶ 56).  Plaintiff requests another loan

modification.  (Cplt. ¶ 6).  Ocwen is not a listed Defendant in the claim labels.

### A.    Plaintiff's Second Claim under Section 2923.5 Fails

Plaintiff's second claim alleges a violation Civil Code § 2923.5 et seq.

Section 2923.5 requires a statement in the notice of default confirming that the

mortgagee, trustee, beneficiary, or authorized agent contacted the borrower to

discuss alternatives if available prior to recording the notice.

The court in Mabry v. Super. Ct. of Orange County (2010) 185 Cal.App.4th

208 clarified the requirements of the declaration for a notice of default under

Section 2923.5.  The Court first confirmed that the rights provided to a borrower

under Section 2923.5 are purely procedural, there is no right to a loan

modification.[2]  The Court stated that the lender's obligations to "assess" the

borrower's financial situation and "explore" options to avoid foreclosure can be

satisfied by simply asking the borrower "why can't you make your payments?"

and "telling the borrower the traditional ways that foreclosure can be avoided (e.g.

deeds in-lieu, workouts, or short sales).  Id. at 232.  The statute does not place a

duty on the lender "to become a loan counselor itself."  Id. at 219.  The Court held

that a declaration in a notice of default is sufficient if it tracks the language of

---

[2]   A borrower has no right to a loan modification under Civil Code §§ Section 2923.5 et
seq.  See also, Pantoja v. Countrywide Home Loans, Inc, 650 F.Supp.2d 1177 (N.D. Cal.
2009); Pittman v. Barclays Capital Real Estate, Inc., 2009 WL 1108889, at *3 (S.D.Cal.
Apr. 24, 2009); Farner v. Countrywide Home Loans, 2009 WL 189025, at *2 (S.D.Cal.
Jan. 26, 2009); Fuentes v. Duetsche Bank, 2009 WL 1971610 (S.D. Cal. Jul. 8, 2009).

Section 2923.5, subdivision (b), even though such language does not on its face delineate precisely which one of the three categories applies.  Id. at 235.

Also, any actionable violation of Section 2923.5 must also have caused prejudice to the plaintiff.  See, Dooms v. Federal Home Loan Mortg. Corp, 2011 WL 1232989 * 16-17 (E.D. Cal., Mar. 31, 2011); Coburn v. Bank of New York Mellon, NA 2011 WL 3500997 * 2 (E.D. Cal., Aug. 9, 2011); and, Shaterian v. Wells Fargo Bank, Nat. Ass'n , 2011 WL 2314151 * 5 (N.D. Cal., June 10, 2011). The only available remedy is a foreclosure sale postponement.  Mabry at 213-15.

Here, the Notice of Default recorded on August 3, 2012 included a declaration sufficiently tracking the language of Section 2923.5 regarding attempts to contact Plaintiff to assess and explore any further available options to avoid foreclosure.  Specifically, the declaration stated:

> The mortgagee, beneficiary or authorized agent has tried with due diligence to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5.  Thirty days or more have elapsed since these due diligence efforts were completed.

The Notice of Default confirmed the due diligence declaration and compliance with Section 2923.5 as well.  (Cplt. ¶ 26; RJN Exh. 6); and see, Maguca v. Aurora Loan Services, 2009 WL 3467750 at *2 (C.D.Cal., Oct. 28, 2009) (holding that the 2923.5 "claim fails because the allegations in the FAC, which the Court notes are conclusory, are contradicted by the notice of default").  The Notice of Default accomplished the purpose to afford Plaintiff an opportunity to cure the loan default

7

and reinstate the loan.  See, Miller v. Cote  (1982) 127 Cal.App.3d 888, 894).

The Complaint does not allege that Plaintiff tendered any payment to reinstate the loan.  The Complaint does not allege a completed sale or prejudice other than Defendants' exercising the power of sale on the admittedly defaulted loan.  (Cplt. ¶ 22).  The foreclosure sale noticed for December 20, 2012 in the Notice of Sale has been postponed and the foreclosure sale continues to be on hold to date.  (Cplt. ¶ 26; RJN Exh. 7).  In that it has been almost a year and a half, Plaintiff has at least arguably already obtained the benefits of any actionable claim under Section 2923.5.  Further, the relief sought to "void" the Notice of Sale and compel Defendants to offer Plaintiff a HAMP modification, is not an actionable claim nor is there any legal requirement for Defendants to offer or modify Plaintiff's defaulted loan as established by the authorities herein.  (Cplt. ¶¶ 6, 85).

Finally, Plaintiffs Section 2923.5 claim is subject to dismissal based on preemption.  In Rodriguez v. JP Morgan Chase Bank & Co., 809 F.Supp.2d 1291 (S.D.Cal. 2011), the borrower filed a complaint against a transferee and servicer of a loan originated by a federally chartered savings bank asserting claims for wrongful foreclosure, fraud, unfair competition, and TILA.  The borrower alleged that these Defendants violated Section 2923.5 by failing to file a proper declaration, provide borrower with a toll-free number, or comply with the provisions for contact prior to foreclosure as required under the statute.  Id. at 1295.  The Court dismissed the Section 2923.5 claim:

> …because the asserted portions of section 2923.5 have been preempted by the Home Owners Loan Act ("HOLA") of 1933, 12 U.S.C. § 1461 *et seq.* since the loan provider, Washington Mutual Bank, FA, was a federally chartered savings bank at the time the loan was originated."

Id. at 1295.  The Court ruled that although Defendants were not federally chartered savings banks, HOLA applies because the originator was.  Id. at 1295 n. 1.

Plaintiff's loan was originated by Indymac Bank, FSB, a federally chartered savings bank.  (RJN Exhs. 3-4).  While Ocwen is not a federally chartered savings bank, both the loan originator and prior assignee One West Bank, FSB were such. Plaintiff's second claim should be dismissed on these grounds.

### B.   **Plaintiff's Third Claim under Section 2923.52 Cannot be Stated**

Plaintiff's third claim alleges a violation of California Civil Code § 2923.52 because the Notice of Sale was recorded less than six months after the Notice of Default.  However as set forth in Sub-section (e) , Section 2923.52 was repealed effective January 1, 2011.  This was nearly two years before the Notice of Default and Notice of Sale were recorded in late 2012.  The Notice of Sale was recorded at least three months after Notice of Default in compliance with California Civil Code § 2924.  (Cplt. ¶ 89; RJN Exhs. 6-7).   Plaintiff's third claim fails.

### C.   **Plaintiff's Fourth Claim under Section 2923.6 Cannot be Stated**

Based on the above allegations, Plaintiff concludes a violation of Civil Code § 2923.6 with no particulars other than a general request for the Court to order that

Defendants offer him a loan modification under "a net present value basis."  (Cplt. ¶¶ 94-95).  As established, there is no requirement to modify Plaintiff's loan.

Section 2923.6 does not operate substantively, "it merely expresses the hope that lenders will offer loan modifications on certain terms."  Mabry v. Superior Court (2010) 185 Cal.App.4th 208, 222.   "The statute conspicuously does not require the lender to take any action."  Id. at fn. 6; and see, Quinteros v. Aurora Loan Services, 2010 WL 3817541, *9 (E.D.Cal., 2010).  Indeed, lenders and servicers are not required to modify, or even consider modification of borrowers' loans.  Nool v. HomEq Servicing, 653 F.Supp.2d 1047, 1052-3 (E.D. Cal. 2009) (no affirmative duty to modify a borrower's loan or engage in discussions regarding a loan modification).[3]

Moreover, Section 2923.6 provides that "servicers are not obligated to offer loan modifications to borrowers, and does not provide a private claim for relief to borrowers."  Perez v. American Home Mortg. Servicing, Inc., 2012 WL 1413300 at *2 (N.D.Cal. Apr. 23, 2012), 2 [quoting Dizon v. Cal. Empire Bancorp, Inc., 2009 WL 3770695, at *5 (C.D.Cal. Nov. 9, 2009)]; see also, Gutierrez v. PNC Mortg., 2012 WL 1033063, at *10 (S.D.Cal. Mar. 26, 2012); Bulaoro v. Oro Real, Inc., 2011 WL 6372458, at *9 (N.D.Cal. Dec. 20, 2011); Gomez v. Wells Fargo

---

[3]  Assignees and servicers participating in HAMP are not required to modify loans either.  See Escobedo v. Countrywide Home Loans, Inc., 2009 WL 4981618 at *2 (S.D.Cal. Dec. 15, 2009); Hoffman v. Bank of America, N.A., 2010 WL 2635773 at *4 (N.D.Cal., June 30, 2010); Marks v. Bank of America, 2010 WL 2572988, at *3 (D.Ariz. June 22, 2010).

Home Mortg., 2011 WL 5834949, at *12 (N.D.Cal. Nov. 21, 2011); Reynoso v.

Chase Home Finance, 2009 WL 5069140, at *4–5 (N.D.Cal. Dec.17, 2009);

Rodriguez, supra, 809 F.Supp.2d at 1296 (Section 2923.6 does not require

modification and does not create a private right of action for borrowers).[4]

Plaintiff has no private right of action to request an order compelling a loan

modification or offer under Section 2923.6.  The fourth claim also fails.

### D.   The Seventh Claim for Wrongful Foreclosure Likewise Fails

Non-judicial foreclosures in California are governed exclusively by the

Deed of Trust and applicable foreclosure statutes found in the California Civil

Code.  Courts cannot second guess the foreclosure statutes or expand them by

creating new duties or additional requirements not expressly set forth.  See,

Residential Capital, LLC v. Cal-Western Reconveyance Corp, (2003) 108

Cal.App.4th 807, 134, Cal.Rptr.2d 162, 176-77; BFP v. Resolution Trust

Corporation, 511 U.S. 531, 539-40, 544, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994).

---

[4] Plaintiff does not have legal standing or a private right of action under HAMP or HUD regulations either.  See, Williams v. Geithner et al., 2009 WL 3757380 * 2-3 (D.Minn. Nov. 9, 2009) Aleem v. Bank of America et al., 2010 WL 532330, at * 3-4 (C.D.Cal. Feb. 9, 2010) (no private right of action under HAMP including claims for failing to evaluate the borrower for a HAMP modification, failing to offer other Federal programs as alternatives, and failing to temporarily suspend foreclosure while considering a HAMP modification), citing to, Baker v. Northlan Mortg. Co., 344 F.Supp. 1385, 1386 (D.C.Ill. 1972); Delgadillo v. Countrywide Home Loans, Inc., 2009 WL 5064943, at * 1-2 (C.D.Cal. Dec. 23, 2009); Villa v. Wells Fargo Bank, N.A., 2010 WL 935680 * 3 (S.D.Cal. March 15, 2010) (motion to dismiss claims under HAMP granted in that it does not require loan servicers to modify eligible loans and borrowers lacked standing to enforce under HAMP); Lucia v. Wells Fargo Bank, N.A., 798 F.Supp.2d 1059, 1066 (N.D.Cal. 2011); Cleveland v. Aurora Loan Servs., LLC, 2011 WL 2020565 at *4 (N.D. Cal. May 24, 2011) (collecting cases).

A foreclosure is presumed to have been conducted regularly and fairly.  In re Atighi, 317 B.R. 792 (Bktcy.C.D.Cal. 2004), *affirmed* 243 Fed.Appx. 283, 2007 WL 2088946; California Trust Co. v. Smead Inv. Co. (1935) 6 Cal.App.2d 432, 44 P.2d 624; Knapp v. Doherty (2004) 123 Cal.App.4[th] 76, 86, fn. 4, 20 Cal.Rtpr.3d 1; Hohn v. Riverside Co. Flood Control & Water Conserv. Dist. (1964) 228 Cal.App.2d 605, 39 Cal.Rptr. 647.  Substantial compliance is the standard under the statutory notice provisions, if there were some minor discrepancy it would not invalidate the foreclosure process if the borrower cannot establish prejudice other than the loss of the secured property resulting from his default.  Id; Williams v. Koenig (1934) 219 Cal. 656,660; Crummer v. Whitehead (1964) 230 Cal.App 2d 264, 267-268; Hanlon v. Western Loan & Bldg. Co. (1941) 46 Cal. App. 2d 580, 600-601; Knapp v. Doherty (2004) 123 Cal.App.4[th] 76, 89-92, 20 Cal.Rtpr.3d 1.

Plaintiff's seventh claim is based on the conclusions that Defendants lack standing to foreclose because there is no chain of assignments from the loan originator to Onewest or Ocwen and they are not the holders of the endorsed Note. (Cplt. ¶¶ 110-111, 119-120).  These are erroneous legal conclusions lacking standing and contradicted by the assignments and notices on public record.

As a preliminary matter, the California statutes do not require that the note be in the possession of the party initiating foreclosure at the relevant times herein. See, Debrunner v. Deutsche Bank Nat'l Trust Co. (2012) 138 Cal.Rptr.3d 830,

835; <u>Lane v. Vitek Real Estate Indus. Grp.</u>, 713 F.Supp.2d 1092, 1099 (E.D.Cal. 2010) ("There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.  Rather, [Section 2924(a)(1)] broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure.  Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale."); <u>Hafiz v. Greenpoint Mortg. Funding, Inc.</u>, 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009); <u>Hague v. Wells Fargo Bank, NA</u>, 2011 WL 3360026, at * 3 (N.D.Cal. Aug. 2, 2011) ("The original note need not be produced in order to initiate nonjudicial foreclosure.").

Moreover, borrowers lack standing to challenge the securitization, transfer, or assignment of a loan, whether of itself or under a trust or pooling and servicing agreement.  <u>See</u>, <u>Bridge v. Aames Cap. Corp.</u>, 2010 WL 3834059 at * 3, 5 (N.D.Ohio Sept. 29, 2010); <u>Bascos v. FHLMC</u>, 2011 WL 315706 at *6 (C.D. Cal. July 22, 2011); <u>Lindsay v. America's Wholesale Lender</u>, 2012 WL 83475 at *3-4 (C.D. Cal. Jan. 10, 2012); <u>Tilley v. Ampro Mortg.</u>, 2012 WL 33033 at *4 (E.D. Cal. Jan. 6, 2012).[5]  Borrowers also lack standing to challenge the identity or

---

[5]  <u>See also</u>, <u>Byczek v. Boelter Cos., Inc.</u>, 230 F.Supp.2d 843, 845 (N.D.Ill. 2002); <u>Liu v. T & H Mack, Inc.</u>, 191 F.3d 790, 797 (7th Cir. 1999); <u>Livonia Prop. Holdings LLC v. 12840-12976 Farmington Road Holdings LLC</u>, 717 F.Supp.2d 724, 735 (E.D.Mich. 2010); <u>Blackford v. Westchester Fire Ins. Co.</u>, 101 F. 90 (8th Cir. 1900); <u>Grove v. Mead Sch. Dist. No. 354</u>, 753 F.2d 1528, 1531 (9th Cir. 1985); <u>Treadway v. W. Cotton Oil & Ginning Co.</u>, 10 P.2d 371, 375 (1932); <u>Goode v. St. Stephens United Methodist Church</u>, 494 S.E.2d 827, 833 (S.Ct.App. 1997).  Borrowers are not parties to or third-party

authority of the assigned foreclosing parties.  See, Gomes v. Countrywide Home Loans, Inc. (2011) 192 Cal.App.4th 1149, 1155; Lu v. Hawaiian Gardens Casino, Inc. (2010) 50 Cal.4th 592, 596.

In any event, the public record establishes that MERS as the nominated beneficiary for the original lender Indymac Bank, FSB assigned the loan to Onewest, and Onewest then assigned the loan to Ocwen.  (RJN Exh. 5).  The servicing was also transferred from Onewest's servicer to Ocwen.  (RJN Exh. 8). Ocwen holds and services the Note with Allonge from Indymac and recorded Deed of Trust, as further confirmed by Plaintiff's allegations and the documents. (RJN Exhs. 2-3, 5, 8).  The foreclosure Notices state the amounts of the arrearages in default and total indebtedness at the time.

Additionally, plaintiff's wrongful foreclosure claim does not allege or establish prejudice other than commencement of foreclosure on the defaulted loan as authorized under the Deed of Trust and foreclosure statutes.  See, Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D.Cal. 2009) (claims of defective foreclosure process dismissed where no prejudice was suffered as the result of a procedural irregularity); Knapp v. Doherty (2004) 123 Cal.App.4th 76, 94-96 (absent prejudice, the alleged error does not warrant relief);

---

beneficiaries of a trust agreement or PSA. Deerinck v. Heritage Plaza Mortg. Inc., 2012 WL 1085520 at *5 (E.D. Cal. March 30, 2012); Sami v. Wells Fargo Bank, 2012 WL967051 at *6 (N.D. Cal. March 21, 2012); Armeni v. America's Wholesale Lender, 2012 WL 253967 (C.D.Cal. Jan. 25, 2012); Graham v. Recontrust Company, N.A., et al., 2012 WL 1035712 (D.Or. March 27, 2012).

<u>Aceves v. U.S. Bank, N.A.</u> (2011) 192 Cal.App.4th 218, 232 (holding that no prejudice to the borrower could have resulted from a mistakenly identified beneficiary on a notice of default).  Plaintiff's seventh claim fails with the others.

## IV.   <u>PLAINTIFF'S REMAINING CLAIMS ALSO FAIL</u>

The Complaint asserts various remaining contractual, tort, general statutory, and equitable claims premised upon the same allegations above.  Like the claims above on which these are premised, these claims taken in this order also fail.

### A.   <u>The Tenth Claim for Breach of Implied Covenant is Not Stated</u>

An existing contract is a prerequisite for any action alleging breach of the covenant of good faith and fair dealing.  <u>Kim v. Regents of the University of California</u> (2000) 80 Cal.App.4th 160, 164.  The covenant cannot "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement," it cannot create, expand or contradict contractual terms no matter how seemingly unfair.  <u>Storek & Storek, Inc. v. Citicorp Real Estate, Inc.</u> (2002) 100 Cal.App.4th 44; <u>Racine & Laramie, Ltd., Inc. v. Dept. of Parks and Recreation</u> (1992) 11 Cal.App.4th 1026, 1032 & 1043-45.  There is no breach of the covenant claim if there is no enforceable contract provision or breach.  <u>Carma Developers, Inc. v. Marathon Dev. Cal., Inc.</u> (1992) 2 Cal.4th 342, 374-75; <u>Waller v. Truck Ins. Exchange, Inc.</u>(1995) 11 Cal.4th 1, 35.

Plaintiff's Complaint asserts no breach of contract claim.  There is no HAMP or modification contract alleged as none was reached.  Plaintiff's Note and

Deed of Trust is the only loan contract alleged.  (Cplt. ¶ 138).  There is no breach of a particular provision of the loan alleged whether as to loan disclosures or a modification.  The failed TILA claim as established above cannot serve as the basis to conclude a breach of implied covenant claim.  Further, Plaintiff admittedly defaulted on the loan and there is no allegation of his performance under a modification agreement as required element.  The tenth claim fails.

### B.    The Fifth and Thirteenth Tort Claims Cannot be Stated

California law does not generally recognize tort claims arising out of what is essentially a contract based action.  See, Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 696; Hunter v. Up-Right, Inc. (1993) 6 Cal.4th 1174; Robinson Helicopter Co., Inc. v. Dana Corp. (2004) 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352, 102 P.3d 268 (the rule "prevents the law of contract and the law of tort from dissolving into one another."); Mitsui Manufacturers Bank v. Superior Court (1989) 212 Cal.App.3d 726, 729 (tort damages could not as a matter of law be extended to a loan contract transaction).  As recognized in these cases, torts are out of context in that the loan contract governs the parties' relationship, duties, and remedies for breach.

Duty is a required element for negligence and breach of fiduciary duty claims.  Vasquez v. Residental Invs., Inc. (2004) 118 Cal.App.4th 269, 278 ("The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide.").

As a matter of law, a loan assignee or servicer does not owe a fiduciary or general negligence duty to a borrower absent special circumstances not alleged here.  See, Careau v. Security Pacific (1990) 222 Cal.App.3d 1371, 1399; Kim v. Sumitomo Bank of California (1993) 17 Cal.App.4th 974, 979 (relationship between a bank and loan customer is grounded in contract and not fiduciary); Chazen v. Centennial Bank (1998) 61 Cal.App.4th 532, 536. Das v. Bank of America, N.A. (2010) 186 Cal. App. 4th 727, 740-41; Nymark v. Heart Fed. Savings & Loan Assn. (1991) 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53; Lingad v. Indymac Federal Bank 682 F. Supp. 2d1142, 1149 (E.D.Cal. 2010); Aguinaldo v. Ocwen Loan Servicing, LLC, 2012 WL 3835080 (N.D. Cal., Sept. 4, 2012) ("[T]he weight of authority holds that a lender or loan servicer owes no duty of reasonable care to a borrower.").[6]

The no duty rule also applies in the context of loan modifications.  Again, there is no contractual duty to modify a borrower's loan, even if the loan initially qualified.  See, Mabry, 185 Cal.App.4th at 213-14, 222, 232; Escobedo v. Countrywide Horne Loans, Inc., 2009 WL 4981618, *3 (S.D.Ca1. 2009) (HAMP).

---

[6]  And, Marks v. Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, at *7 (N.D.Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract."); Huerta v. Ocwen Loan Servicing, LLC, 2010 WL 728223, at *4 (N.D.Cal. Mar. 1, 2010); Fullmer v. JPMorgan Chase Bank, NA, 2010 WL 2511178, *7 (E.D.Cal.2010); Armstrong v. Chevy Chase Bank, FSB, 2012 WL 4747165 * 4; Altmann v. PNC Mortg., 2012 U.S. Dist. LEXIS 6460, at *27-28 (E.D.Cal. Jan. 19, 2012) (no general negligence duty in borrower/lender relationship under an arms length loan contract, and no duty to forego foreclosure or provide a loan modification, refinancing or similar relief).

There is no common law duty to modify a borrower's loan in this context.  See, Sullivan v. JP Morgan Chase Bank, NA, 725 F.Supp.2d 1087, 1094 (E.D.Cal.2010); Argueta v. J.P. Morgan Chase, 2011 U.S. Dist. LEXIS 70756, at *14-16, 2011 WL 2619060, *5 (E.D.Cal. June 30, 2011) ; Coppes v. Wachovia Mortg. Corp., 2011 WL 1402878, *7, 2011 U.S. Dist. LEXIS 42061, at *17-18 (E.D.Cal. Apr. 13, 2011).

There is no duty to process an application to modify a borrower's loan either.  See, DeLeon v. Wells Fargo Bank N.A., 2011 WL 311376, 2010 U.S. Dist. LEXIS 112941, at *9-12 (N.D.Cal. Jan.28, 2011);  Johnston v. Ally Fin., Inc., 2011 U.S. Dist. LEXIS 83298, at *10-11 (S.D.Cal. July 29, 2011); Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS 47902 (C.D.Cal. May 4, 2011); Dooms v. Fed. Home Loan Mortg. Corp., 2011 U.S. Dist. LEXIS 38550, at *24-25 (E.D.Cal. Mar. 30, 2011); Altmann v. PNC Mortg., 2012 U.S. Dist. LEXIS 6460, at *27-28 (E.D.Cal. Jan. 19, 2012).

Plaintiff's fifth claim for negligence concludes the duty element in general. There are no special allegations that would circumvent the no duty rule established by the above authorities.  (Cplt. ¶¶ 98- 99).  Plaintiff's thirteenth claim for breach of fiduciary duty includes an alleged duty and breach only against Defendant TRUSTEE CORPS.  (Cplt. ¶ 159).  There are no allegations against these Defendants.  Plaintiff's fifth and thirteenth claims fail.

## C.   The Sixth, Eighth and Ninth Statutory Claims Are Not Stated

Plaintiff asserts the following statutory claims based essentially on the prior claims: sixth under the National Housing Act, eighth claim for unfair debt collection practices, and ninth for unfair competition.

### 1.   There is No Right of Action or Claim Under the Housing Act

Plaintiff's sixth claim does not label Ocwen as a Defendant, and concludes a violation of the pre-foreclosure HUD advisement requirements on non-federally insured loans pursuant to the National Housing Act found in 12 U.S.C. § 1701x(c)(5).  (Cplt. ¶ 103).  No further details are given.  Courts confirm that there is no private right of action under the National Housing Act Section 1701x(c)(5).  As held by the Central District of California in an action by a borrower against various defendants, including MERS and Onewest, in which a similar claim was alleged under Section 1701x(c)(5):

> By its structure, the National Housing Act 'govern[s] relations between the mortgagee and the government, and give[s] the mortgagor no claim for duty owed or for the mortgagee's failure to follow' the statute or its implementing regulations.  *Mitchell v. Chase Home Finance LLC.* No. 3:06-CV-2099-k, 2008 WL 623395, at * 3 (N.D.Tex. Mar. 4, 2008).  As such, courts have held that the National Housing Act generally does not contain a private right of action.  *See City of Rohnert Park v. Harris*, 601 F.2d 1040, 1046-47 (9th Cir. 1979); *Saratoga Sav. & Loan Ass'n v. Fed. Home Loan Bank of San Francisco,* 724 F.Supp. 683, 690 (N.D.Cal. 1989); *Mitchell,* at *3; *Fantroy v. Countrywide Home Loans, Inc.*, 2007 WL 2254941, No. 3:06-CV-1889-K, at *2 (N.D.Tex. July 24, 2007); *Goss v. Fairfield Housing Authority*, No. 3:03CV0935(WIG), 2006 WL 1272623, at *3 (D.Conn. Mar. 14, 2006).  The provision asserted by Plaintiff is no exception.  *See Fouche' v. Shapiro & Massey L.L.P.*, 575 F.Supp.2d 776,

780 n. 7 (S.D.Miss. 2008)…The Court agrees that there is no indication of an intent to create a private right of action in 12 U.S.C. § 1701x(c)(5).  As such, Plaintiff cannot state a claim, and the proposed amendment is futile.

Gaitan v. Mortgage Electronic Registration Systems et al., 2009 WL 3244729 at * 9-10 (C.D.Cal. Oct. 5, 2009).  Plaintiff's sixth claim cannot be stated.

### 2.     No Claim Can be Stated under the RDCPA or FDCPA

Plaintiff's eight claim concludes in two paragraphs a violation of California's Rosenthal Fair Debt Collection Practices Act ("RDCPA"), Civil Code § 1788, and the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  (Cplt. ¶¶ 124-125).

Neither Ocwen nor Onewest are debt collectors as defined, and/or are subject to exemptions under both the RDCPA and FDCPA.  See, Civil Code §§ 1788.1(b), 1788.2(c); Gallegos v. Recontrust Co., 2009 WL 215406 * 3(S.D.Cal. August 4, 2009); Ricon v. Recontrust Co., 2009 WL 2407396 *3-4 (S.D.Cal., 2009);  Blanco v. American Home Mortg. Servicing, Inc., 2009 WL 4674904, *4 (E.D.Cal., 2009); Benham v. Aurora Loan Services, 2009 WL 2880232, *2 (N.D.Cal., 2009); Rosal v. First Federal Bank of California, No. 09-1276, 2009 WL 2136777 (N.D.Cal. July 15, 2009); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D.Cal. Apr.24, 2009); 15 U.S.C. § 1692a(6); Scott v. Wells Fargo Home Mortg., 326 F.Supp.2d 709, 718 (2003); McAnaney v. Astoria Financial Corp Scott v. Wells Fargo Home Mortg., 357

F.Supp.2d 578, 592-593 (E.D.N.Y. 2005); and see, Gaitan, supra, at * 10-11

(RFDCPA & FDCPA claims dismissed).  Plaintiff's eighth claim cannot be stated.

### 3.    The Unfair Competition Claim Cannot Stand

"A plaintiff must state with reasonable particularity the facts supporting the

statutory elements of the violation [under California Bus. & Prof. Code § 17200]."

Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th 612, 619; Bennet v.

Suncloud (1997) 56 Cal.App.4th 91.  A claim for unlawful or unfair business

practices under Section 17200 applies to ongoing conduct, relief is not available to

remedy past conduct.  Mangini v. Aerojet-General Corp. (1991) 230 Cal.App.3d

1125, 1155-56.  The extinguishment of a "borrowed" law extinguishes the unfair

business practices claim based thereon.  Ingels v. Westwood One Broad-Casting

Services, Inc. (2005) 129 Cal.App.4th 1050, 1060.

Plaintiff's ninth claim for unfair competition under Section 17200 is based

on the past alleged acts of the above failed claims, including the borrowed law

under TILA, RDCPA, the California foreclosure statutes, and HAMP.  (Cplt. ¶¶

130-131).  Further, Plaintiff must have suffered a personal injury by losing

property or money as a result.  Hall v. Time, Inc. (2008) 158 Cal.App.4th 847, 855.

The Complaint cannot allege a loss of money on Plaintiff's defaulted loan or the

property at a completed foreclosure sale.   Plaintiff's ninth claim cannot be stated.

See also, Gaitan, supra, at * 11.

### D.   The Remaining Equitable Claims Also Fail

Finally, the Complaint concludes the following equitable claims again based on the prior allegations: 11th cancellation of instrument, 12th quiet title, 14th accounting, 15th unconscionability, 16th rescission, and 17th unjust enrichment.

#### 1.   The Eleventh Claim for Cancellation Fails

A cancellation claim requires a reasonable apprehension of serious injury if a written instrument is left outstanding, and the instrument is void or voidable by the plaintiff.  Civil Code § 3212; Briscoe v. Guar. Mortg. Co. (1922) 57 Cal.App. 492, 494.  Plaintiff's cursory cancellation claim, based on the above failed claims, to cancel the Notice of Default, Notice of Sale, and "potentially any Trustee's Deed" for which none is alleged or actually issued.  (Cplt. ¶¶ 150-152).  Plaintiff's eleventh claim cannot be stated.  See also, Gaitan, supra, at * 12 (dismissed cancellation claim with no leave to amend).

#### 2.   The Twelfth Claim to Quiet Title Fails

A claim to quiet title must be verified and include the following elements: (1) a description of the property that is the subject of the action; (2) the title of the plaintiff and the basis of title; and (3) the adverse and improper or unlawful claims to the plaintiff's title by the defendant.  Code of Civil Procedure §§ 760.020(a)-(c), 761.020; Juarez v. Federal Home Loan Mortg. Corp., 2010 WL 3035956 *4 (C.D.Cal. 2010).  A plaintiff must state facts establishing that he or she has superior title to the real property in dispute.  Twain Harte Homeowners Ass 'n v.

1  <u>Patterson</u> (1987) 193 Cal.App.3d 184, 188; <u>Cal. Code Civ. Proc.</u> § 761.020(b).

2  The Complaint is not verified.  The Complaint does not allege a completed

3  foreclosure, or that Defendants have or assert title.  There is no basis for Plaintiff

4  to cancel a non-existent "trustee's deed" as void or voidable.  As established, the

5  Complaint does not state an improper or unlawful claim to Plaintiff's title to the

6  secured property.  Further in order to quiet title, a plaintiff must make a valid,

7  clear, and unconditional tender of the secured indebtedness. <u>Aguilar v. Bocci</u>

8  (1974) 39 Cal.App.3d 475, 477; <u>Karlsen v. American Sav. & Loan Assn.</u> (1971)

9  15 Cal.App.3d 112, 118.  Plaintiff's Complaint alleges no tender as required.  The

10  twelfth claim to quiet title cannot be stated.  <u>See</u> <u>also</u>, <u>Gaitan</u>, <u>supra</u>, at * 12

11  ("Since Plaintiff concedes he has not paid the debt secured by the mortgage, he

12  cannot sustain an action to quiet title, and amendment of this claim is futile.").

13  **3.    The Fourteenth Claim for an Accounting is Not Stated**

14  "A cause of action for an accounting requires a showing that a relationship

15  exists between the plaintiff and a defendant that requires an accounting, and that

16  some balance is due the plaintiff that can only be ascertained by an accounting."

17  <u>Teselle v. McLoughlin</u> (2009) 173 Cal.App.4[th] 156, 179.  As established above

18  under Plaintiff's thirteenth claim, these Defendants have no special or fiduciary

19  duty to Plaintiff.  The fourteenth claim for an accounting fails because there are no

20  alleged or actual amount(s) owed to Plaintiff.  <u>See</u>, <u>St. James Church of Christ</u>

21  <u>Holiness v. Superior Court</u> (1955) 135 Cal. App. 2d 352, 359 (allege facts

23

OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS

showing a balance is due plaintiff).  Rather, Plaintiff admittedly alleges the loan is

in default such that he owes the debt.  (Cplt. ¶ 41).  The fourteenth claim for an

accounting fails.  See also, Gaitan, supra, at * 13.

### 4.   The Fifteenth and Sixteenth Claims Cannot be Stated

Plaintiff's conclusory claims of unconscionability and rescission are again

based on the same allegations, nothing more is alleged.  For the reasons set forth

above, the loan obtained and signed by Plaintiff in 2007 to receive the $380k

cannot now be set aside as unconscionable.  The rescission claim is preempted by

and/or fails along with Plaintiff's failed TILA rescission claim.  Plaintiff cannot

circumvent TILA to achieve a purported rescission of the loan.  The fifteenth and

sixteenth claims cannot be stated.  See also, Gaitan, supra, at * 13 (dismissing

these claims as "without merit" and that "amendment is futile.")

### 5.   The Seventeenth Claim for Unjust Enrichment Also Fails

Unjust enrichment occurs when one party obtains a benefit that he unjustly

retains to the detriment of another.  See, Lechtrodryer v. SeoulBank (2000) 77

Cal. App. 4th 723, 726; First Nationwide Savings v. Perry (1992) 11 Cal. App. 4th

1657.  However, unjust enrichment is not a recognized cause of action that can

stand on its own in California.  Specifically, "[t]he phrase 'Unjust Enrichment'

does not describe a theory of recovery, but an effect: the result of a failure to make

restitution under circumstances where it is equitable to do so." Melchior v. New

Line Productions, Inc. (2003) 106 Cal.App.4th 779, 793 (citing Lauriedale

1  Associates, Ltd. V. Wilson (1992) 7 Cal.App.4[th] 1439, 1448). Unjust enrichment

2  is "a general principle, underlying various legal doctrines and remedies," rather

3

4  than a remedy itself. Id. (citing Dinosaur Development, Inc. v. White (1989) 216

5  Cal.App.3d 1310, 1315). It is synonymous with restitution. Id.

6
       Plaintiff's last claim for unjust enrichment is not a standalone cause of
7
8  action in itself. Even so, the claim fails along with the prior claims upon which it

9  is based as set forth above. The Complaint does not establish how Ocwen or

10 Onewest have been enriched for Plaintiff's non-performance on the long defaulted

11
12 loan which has not to date been foreclosed. Plaintiff's seventeenth claim for

13 unjust enrichment cannot be stated. See also, Gaitan, supra, at * 13.

14 **V.     CONCLUSION**
15
16      For the reasons set forth above, it is respectfully requested that the Motion

17 be GRANTED and that the Complaint be dismissed with prejudice.

18
19 DATED: May 13, 2014                    HOUSER & ALLISON
20                                        A Professional Corporation
21
22                                        /s/ Jeffrey S. Allison
23                                        Jeffrey S. Allison, Esq.
                                          Attorneys for Defendants OCWEN
24                                        LOAN SERVICING, LLC and ONE
                                          WEST BANK, FSB
25
26
27
28

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA          )

3                                                          ) SS

COUNTY OF ORANGE           )

4

5          I am employed in the County of Orange, State of California.  I am over the

6   age of 18 and not a party to the within action.  My business address is 9970
Research Drive, Irvine, California  92618.

7

8          On May 13, 2014, I served the following document(s) described as:

9   **NOTICE OF MOTION AND MOTION BY OCWEN TO DISMISS**

10  **COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES;**
**REQUEST FOR JUDICIAL NOTICE**

11

12  on the following interested parties in this action:

13  Peter L. Nisson, Esq.

14  THE LAW OFFICE OF NISSON & ASSOCIATES
527 E. Rowland Street, Suite 207

15  Covina, CA 91723

16  (626) 782-6399 tel.
(626) 498-2321

17  peternisson@hotmail.com

18
Attorney for Plaintiff JAIME ESPINOZA

19

20  ☒     E-FILING—By causing the document to be electronically filed via the
        Court's CM/ECF system, which effects electronic service on counsel who

21      are registered with the CM/ECF system.

22          I declare under penalty of perjury, under the laws of the United States that

23  the foregoing is true and correct.

24

25          Executed on May 13, 2014 at Irvine, California.

26

27                                                                Courtney Hershey

28

OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS